VAN DEUSEN (UNION PAPER–COLLAR CO. v.). See Case No. 14,395.

---

## Case No. 16,846.

### VANDEVER v. TILGHMAN.

[Crabbe, 66.] [1]

District Court, E. D. Pennsylvania. Jan. 30, 1837.

SEAMEN'S WAGES — CONDEMNATION OF SHIP AS PRIZE— RESTORATION.

1. Where a vessel is captured and condemned, wages are due the seamen up to the date of condemnation.

2. Where a vessel was condemned, by the French government, in 1808, and the representatives of the owner recovered a portion of their claim on that account, under the convention of 4th July, 1831, with France, the fund is liable for wages due the seamen, at the time of condemnation, without deduction for the expenses of recovery, or abatement in the same proportion as the original claim.

This was a suit for wages. It appeared that the libellant [Peter Vandever] shipped, as mate, on board the schooner Hope, owned by Edward Tilghman, Junior, on the 3d November, 1807, for a voyage from Philadelphia to Leghorn and back, at the rate of thirty-five dollars per month; that, on the 18th January, 1808, the schooner, then being off Leghorn, was captured by a French cruiser, sent into Portovenero, in the Gulf of Spezzia, and afterwards taken into Leghorn; that on the 7th September, 1808, the schooner was condemned by the council of prizes at Paris; that, by an arrangement between the captors and the consignees, the schooner sailed from Leghorn on the 4th December, 1809; that, after trading for some time in the Mediterranean, she sailed for a port in Denmark; that she was captured by an English cruiser and sent into London; that the libellant remained on board, doing his duty, till this time; that, while waiting adjudication of her case in London, the

---

libellant made a voyage to the West Indies and back, in another service; that the schooner was condemned by the English court of admiralty; that the libellant worked his passage home, and arrived in Philadelphia on the 4th February, 1812; that on the 16th April, 1812, the libellant commenced suit, by summons, in this court, against Edward Tilghman, Junior, for his wages; that the suit was not proceeded in because of the insolvency of Edward Tilghman, Junior; that Edward Tilghman, Junior, assigned to Edward Tilghman, Senior, among other things, his claim against the French government on account of the seizure and condemnation of the schooner; that Edward Tilghman, Senior, had since died, and that Benjamin Tilghman, the respondent, was his executor; and that, under the convention of the 4th July, 1831, between the United States and France, the respondent had been awarded fifty-eight per cent. on eighteen thousand five hundred and forty-eight dollars, and that he had received thirty-nine and three hundred and seventy one-thousandths (39 $^{370}/_{1000}$) per cent. on account of this claim.

The libel was filed on the 2d December, 1836; and the libellant stated his claim as follows:

| | |
|---|---|
| Wages from 3d November, 1807, to 4th December, 1809.............. | $ 875 |
| Deduct credits (specifically enumerated) ...................... | 99 70 |
| Due on 4th December, 1809........ | $ 775 30 |
| Add wages from 4th Dec.,1809, to 4th Feb., 1812............ $910 | |
| Less, wages earned from London to West Indies, 6 mo. at £4 10 ($20) per month...... 120 | 790 |
| Whole amount due on 4th Feb., 1812.............. | $1565 30 |

And interest from that date.

The respondent denied his liability, and, also, the jurisdiction of the court.

Mr. Bayard, for libellant.

Under Sheppard v. Taylor, 5 Pet. [30 U. S.] 675, all that is left for this court to do, is to decide the amount of the wages due; for that case settled: 1. That this court has jurisdiction. 2. That the sum awarded, by the commissioners, for the vessel and freight, is specifically liable for the wages of the seamen. 3. That the seamen have a lien, for their wages, upon this fund, into whosoever hands it may come. 4. That the seamen are entitled to their wages for the whole voyage for which they shipped. 5. That the seamen are entitled to their whole wages, out of the fund in the hands of the assignee, so far as it goes, after deducting certain charges; and the wages are not to be reduced pro rata according to the award, unless the whole amount of the award falls short of the whole amount of the wages. This last point is supported by Abb. Shipp. pt. 5, c. 2, and 3 Kent, Comm. 187, 188. In consideration of certain admissions made, by the respondent, for purposes

of evidence, the libellant only claims for wages from the day of sailing from Philadelphia (3d November, 1807), to the day of sailing from Leghorn (4th December, 1809), and an allowance of three months as a reasonable time to return home, sanctioned by the time occupied by the voyage out (two months sixteen days); by the provisions of the act of 28th February, 1803,—2 Story's Laws, 883 [2 Stat. 203], § 3; by Emerson v. Howland [Case No. 4,441]; and by Pool v. Welsh [Id. 11,269].

Mr. Rawle, for respondent.

The principle of the case of Sheppard v. Taylor, 5 Pet. [30 U. S.] 675, is that the fund is substituted for the vessel, and that seamen have the same rights against the one as against the other. Capture rescinds the contract for wages. Recapture or restoration revives it for the period during which seamen remained with the vessel up to condemnation. If they remain after condemnation, it is a new contract. Abb. Shipp. 459, 463; Oxnard v. Dean, 10 Mass. 143; Wetmore v. Henshaw, 12 Johns. 324, 333; The Saratoga [Case No. 12,355]; Powell v. The Betsey [Id. 11,355].

The libellant was entitled to wages up to condemnation, as follows:

| | |
|---|---|
| Wages from 3d November, 1807, to 7th Sept., 1808................... | $354 66 |
| Less, credits (specifically enumerated).. | 99 70 |
| Amount due on 7th September, 1808 ....................... | $254 96 |

But: 1. This should be reduced in the same proportion as the respondent's claim. That is, the libellant should receive fifty-eight per cent. of two hundred and fifty-four dollars and ninety-six cents. 2. He should bear his proportion of the expenses of collection, which are twenty-five per cent. [Sheppard v. Taylor] 5 Pet. [30 U. S.] 716, 717. 3. The respondent having actually received only thirty-nine and three hundred and seventy one-thousandths (39 $^{370}/_{1000}$) per cent. of the whole claim, the libellant should only receive that proportion of his claim now. These three principles will reduce the amount to be given to the libellant, at present, to seventy-four dollars and fifty-eight cents.

HOPKINSON, District Judge. The libellant is entitled to wages to the time of condemnation, deducting the credits allowed in his claim, but without deduction on account of the expenses of recovery.

Decree for libellant for two hundred and fifty-four dollars and ninety-five cents, and costs.